# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

DAVID KEITH MYERS,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

Case No.: 1:16-cv-00430-GSA

STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees in the amount of SIX THOUSAND ONE HUNDRED FIFTY DOLLARS ($6,150) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of FOUR HUNDRED DOLLARS ($400) under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees,

expenses and costs to be made directly to James A. Yoro pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel, including James A. Yoro, may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel and/or Chain | Cohn | Stiles to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: December 11, 2017   By: /s/ Carolyn B. Chen for James A. Yoro
(As authorized by email on 12/11/2017)
JAMES A. YORO
CHAIN | COHN | STILES
Attorneys for Plaintiff

PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

Dated: December 11, 2017   By: /s/ Carolyn B. Chen
CAROLYN B. CHEN
Special Assistant United States Attorney
Attorneys for Defendant

**ORDER**

Pursuant to the above stipulation, Plaintiff shall be awarded attorney fees in the amount of SIX THOUSAND ONE HUNDRED FIFTY DOLLARS ($6,150) as authorized by 28 U.S.C. § 2412(d), and costs in the amount of FOUR HUNDRED DOLLARS ($400) under 28 U.S.C. §

1920. Any payments shall be subject to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) and the terms of the above-referenced Stipulation.

IT IS SO ORDERED.

    Dated: **December 15, 2017**　　　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE